UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
SCOTT TAYLOR, et al.                         :     Honorable Madeline Cox Arleo
                                             :     Civil Action No. 07-5954 (SDW)
                Plaintiffs                   :
                                             :
v.                                           :     **REPORT AND RECOMMENDATION**
                                             :
MEECORP CAPITAL MARKETS, LLC,                :
et al.,                                      :
                                             :
                Defendants.                  :
_____:

## BACKGROUND

On December 11, 2007, plaintiffs, Scott Taylor ("Taylor") and Neptune Development, LLC ("Neptune") (sometimes collectively "plaintiffs") filed the complaint. On January 15, 2008, defendant, Meecorp Capital Markets, LLC ("Meecorp") filed an answer, a counterclaim against plaintiffs, and a third-party complaint against third-party defendant, Patrick Sherwood ("Sherwood").

On February 4, 2008, plaintiffs filed an answer to Meecorp's counterclaim. On February 12, 2008, Sherwood filed an answer to Meecorp's third-party complaint.

On February 8, 2008, plaintiffs filed a motion, seeking leave to amend their complaint. On February 16, 2008, Meecorp opposed the motion and cross-moved for partial summary judgment against plaintiffs. On March 5, 2008, this Court entered an Order, dismissing Meecorp's cross-motion for partial summary judgment without prejudice, and directing it to

1

provide substantive opposition to plaintiffs' motion to amend the complaint. On May 2, 2008, this Court entered an Order, granting in part and denying in part, plaintiffs' motion to amend the complaint. The Court directed plaintiffs to file an amended complaint within 20 days of the date of the May 2, 2008, Order.

On May 15, 2008, plaintiffs filed a second motion to amend the complaint, and Sherwood filed an amended answer to the third-party complaint and asserted counterclaims against Meecorp and newly named individual defendants Michael Edrei, Daniel Edrei, and David Rodgers (hereinafter "individual defendants"). On May 29, 2008, this Court entered an Order, denying plaintiffs' motion to amend the complaint because it did not comport with the Court's oral opinion on the record on April 25, 2008 or the May 22, 2008, telephone conference.

On June 4, 2008, the individual defendants filed an answer to Sherwood's counterclaims. On June 20, 2008, attorney Bradley Wilson substituted for attorney Thomas Martin, as counsel for plaintiffs and Sherwood. On that same date, the Court held a scheduling conference. On June 24, 2008, the Court entered a Pretrial Scheduling Order, which provided, among other things, deadlines for discovery and filing motions to amend the pleadings.

On June 30, 2008, District Judge Wigenton entered a consent order dismissing plaintiffs' and Sherwood's affirmative claims and affirmative defenses arising under Florida law. A telephone status conference took place on September 17, 2008. On November 25, 2008, attorney Bradley Wilson filed a motion to be relieved as counsel for plaintiffs and Sherwood. On December 4, 2008, this Court entered an Order, granting Mr. Wilson's motion and directing him to provide his clients with copies of the Order. This Court further directed Neptune, a corporate entity, to have new counsel enter an appearance on its behalf no later than January 12, 2009, as a

corporate entity cannot represent itself under applicable law. The Order also provided that, if counsel failed to enter an appearance on behalf of Neptune by January 12, 2009, this Court would ask the District Court to strike Neptune's answer and enter default against it. As to Taylor, if new counsel was not secured by January 12, 2009, the Court would then deem him to be proceeding on a pro se basis. The parties were directed to appear for status conference on January 13, 2009 at 12:00 p.m., or risk the imposition of sanctions.

On December 19, 2008, this Court entered an amended order, directing Neptune, Taylor, and Sherwood to have new counsel enter an appearance on their behalf, respectively, by January 25, 2009. If Neptune did not secure counsel by that date, this Court would ask the District Court to strike Neptune's answer and enter default against it. As to Taylor and Sherwood, if they did not secure counsel by January 25, 2009, the Court would then deem them to be proceeding on a pro se basis. The status conference was adjourned until January 27, 2009 at 10:30 a.m.. Failure to attend would result in sanctions.

On January 9, 2009, Taylor wrote to the Court, seeking an adjournment of the status conference because he planned to be out of the country on business until March 2009. On January 15, 2009, this Court entered an amended order, granting Taylor's request for an adjournment of the conference until March 16, 2009. The Order admonished that attendance was mandatory, and failure to appear would result in sanctions up to and including dismissal of the complaint.

On March 16, 2009, defense counsel, Taylor, and Sherwood appeared at the Conference. No party or counsel appeared on behalf of Neptune.

Pursuant to settled Third Circuit law, corporations cannot represent themselves pro se.

See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966).  Here, despite admonitions from the Court, no attorney has entered an appearance on behalf of Neptune.  In addition, no one from Neptune has communicated to the Court.  Therefore, I recommend that the District Court dismiss the Complaint of Neptune.  (Docket Entry No. 1).  In addition, I recommend that the Court strike the Answer to the Counterclaim of defendant Neptune (Docket Entry Nos. 12 & 13), and enter default against it, and allow Meecorp to proceed to judgment by default.  The parties have ten (10) days from the date hereof to file and serve objections.

    Respectfully submitted,

    *s/Madeline Cox Arleo*
    MADELINE COX ARLEO
    United States Magistrate Judge

Dated: April 9, 2009

Orig.: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
      All Parties
      File