**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT TAYLOR and NEPTUNE DEVELOPMENT II, LLC., | Civil Action No. 07-5954 (SDW) |
| Plaintiffs, | |
| v. | **OPINION** |
| MEECORP CAPITAL MARKETS, LLC, MICHAEL EDREI, DANIEL EDREI, AND DAVID RODGERS. | August 24, 2009 |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| PATRICK SHERWOOD, | |
| Third-Party Defendant, | |
| v. | |
| MEECORP CAPITAL MARKETS, LLC, MICHAEL EDREI, DANIEL EDREI, AND DAVID RODGERS. | |

**WIGENTON**, District Judge

Before this Court are Defendants' and Third-Party Plaintiffs'[1], and Plaintiff's[2] and Third

Party Defendant's[3], Motions for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (c). This

Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. §

---

[1] Both "Defendants" and "Third-Party Plaintiffs" refers to Meecorp Capital Markets, LLC, Michael Edrei, Daniel Edrei, and David Rogers collectively.
[2] Plaintiffs refer to "Scott Taylor" ("Taylor"), "Patrick Sherwood" ("Sherwood"), and "Neptune Development" ("Neptune") collectively.
[3] Third Party Defendant refers to Patrick Sherwood.

1391(a). The Motions are decided without oral argument pursuant to Fed. R. Civ. P. 78.  For the following reasons, Defendants' and Third-Party Plaintiffs' Motion for Summary Judgment is Granted. Plaintiff's and Third-Party Defendant's Motion for Summary Judgment is DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Meecorp is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located in Fort Lee, New Jersey. (Edrei Aff. ¶ 1). Meecorp is in the commercial mortgage lending business. *Id*. at 2.

Taylor and Sherwood are members of Neptune, a Virginia limited liability company. (*Id*. at Exs. "B" and "C").

In December 2006, Neptune sought partial financing from Meecorp for the purchase and development of a condominium complex in Panama City, Florida (the "Property"). On January 4, 2007, Meecorp issued a Loan Commitment ("Loan Commitment") to Neptune. (Edrei Aff. Ex. "A"). On January 5, 2007, Neptune executed the Loan Commitment and Neptune's members, Taylor and Sherwood, personally guaranteed Neptune's obligations thereunder. *Id*.

The Loan Commitment provides under "AMOUNT OF LOAN" that the Loan Amount was "up to $31,000,000" and that: "The Loan Amount shall not be larger than fifty percent (50%) of the AS-IS Market Value of the Collateral . . . plus up to sixty percent (60%) of the approved infrastructure development costs, as depicted on the approved by Meecorp Development Collateral." *Id.* at 2.

The Loan Commitment required that Neptune pay Meecorp a 3% Commitment Fee of $930,000 for providing the Loan Commitment. *Id*. It also provided that the Commitment Fee was "non-refundable and earned for, among other things, the commitment to provide funds. . ." *Id*. at 4. Neptune paid 1% ($310,000) of the Commitment Fee at the signing of the Loan Commitment.

As collateral for the Loan Commitment, Neptune was to provide Meecorp with: (1) a first lien on the Property; and (2) qualified pre-sales of condominium units totaling $99,400,000. (*Id.* at 1, 16).

Pages 6 and 7 of the Loan Commitment contained a "Waiver of Trial By Jury" provision. The Waiver of Trial By Jury provision states:

> BORROWER AND LENDER EACH HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVE ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY SUIT, COUNTERCLAIM, OR CROSS-CLAIM ARISING IN CONNECTION WITH, OUT OF, OR OTHERWISE RELATING TO THIS COMMITMENT, THE OTHER LOAN DOCUMENTS, THE OBLIGATION, THE COLLATERAL, THE COLLATERAL OR ANY RELATED TRANSACTION.
>
> BORROWER UNDERSTANDS THAT MEECORP CANNOT AND WOULD NOT ENTER INTO THIS COMMITMENT WITHOUT THE BORROWER'S AGREEMENT TO THE LIMITATION OF DAMAGES, CHOICE OF FORUM, AND WAIVER OF TRIAL BY JURY CLAUSES CONTAINED HEREIN.

Ederi Aff. Ex "A" at 6-7.

Neptune failed to provide Meecorp with: (1) a first lien on the Real Estate; (2) $99,400,000 of qualified condominium pre-sales; or (3) the balance of the Loan Commitment Fee of $620,000.

On December 11, 2007, Plaintiffs filed a Complaint against Defendants alleging: (i) breach of contract, (ii) breach of the covenant of good faith and fair dealing, (iii) fraud, (iv) unjust enrichment, (v) usury, and (vi) violation of the New Jersey Consumer Fraud Act.

On January 15, 2008, Defendants filed a Third-Party Complaint and Counterclaim against Plaintiffs and Third-Party Defendant seeking: (i) $620,000 from Plaintiff and Third-Party Defendant for the balance of the Loan Commitment Fee, (ii) reimbursement of expenses in the

amount of $5,025.73, and (iii) damages of $2,490,000 for prepaid interest, and $1,037,500 as consequential damages.

On May 1, 2009, Defendants and Third-Party Plaintiffs filed the instant Motion for Summary Judgment requesting that this Court: (1) dismiss Plaintiff Taylor's and Third-Party Defendant's affirmative claims because they (i) lack standing, and (ii) do not assert any valid claims, (2) find that Plaintiff and Third-Party Defendant owe the balance of the commitment fee, and (3) find that the parties agreed to a bench trial.

On May 8, 2009, this Court adopted the April 9, 2009 Report and Recommendation of United States Magistrate Judge Madeline C. Arleo which Dismissed Neptune Development LLC's claims in this case.

On June 1, 2009, Plaintiff and Third-Party Defendant filed a Motion for Summary Judgment seeking to: (1) dismiss all of Defendants affirmative claims; (2) be reimbursed of the initial Loan Commitment fee of $340,000 with interest; and (4) have a trial by jury.

**Summary Judgment**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

**DISCUSSION**

**Standing**

Shareholders cannot individually sue for the wrongs allegedly done to their corporations. *Pepe v. General Motors Acceptance Corp.*, 245 N.J. Super. 662, 666 (App. Div. 1992).  The fact that a shareholder may also be a guarantor of the corporation does not create standing for them to assert an individual claim against a creditor. *Id.* at 196. Shareholders who are also guarantors do not have valid claims against the creditors of their corporation, because the shareholders' claims are "incidental to and derivative of the injury alleged to the corporate entity" and because the corporation is "the real party in interest." (*Id*. at 666-67.)

Here, Plaintiff and Third-Party Defendant are the shareholders and guarantors of Neptune. Neither Plaintiff nor Third-Party Defendant alleged that Defendants actually committed a harm against them. Their claims of usury, breach of contract, breach of the covenant of good faith and fair dealing, fraud, violation of the New Jersey Consumer Fraud Act, and for reimbursement of the Loan Commitment fee are claims of Neptune Development. Because Plaintiff and Third-Party Defendant are the shareholders and guarantors of Neptune they cannot sue for wrongs allegedly done to Neptune. *Id*. In other words, Plaintiff and Third Party

Defendant do not have standing to assert the claims of Neptune. Therefore, this Court Denies Plaintiff and Third-Party Defendant's Motion for Summary Judgment in its entirety because they do not have standing to bring any such claims. Also, this Court Grants Defendants' Motion for Summary Judgment as it relates to Plaintiff's and Third-Party Defendant's affirmative claims.[4]

**Commitment Fee**

"The terms of the contract must be given their plain and ordinary meaning. The Court should examine the document as a whole and the Court should not torture the language of a contract to create ambiguity." *Schor v. FMS Financial Corp.*, 357 N.J. Super. 185, 191 (App. Div. 2002). "It is well settled that the courts will not make a different or better bargain for the parties than they have seen fit to make for themselves." *Id*.

Here, the Loan Commitment Fee was deemed earned at the signing of the Loan Commitment. (Edrei Aff. Ex. "A"). Both, Plaintiff and Third-Party Defendant personally guaranteed the Loan Commitment fee. *Id*. The contract between the parties was clear and unambiguous. This Court will not parse the terms of the agreement in order to create an ambiguity. Therefore, Defendants and Third-Party Plaintiffs are entitled to the remaining balance of the Loan Commitment Fee from Plaintiff and Third-Party Defendant, in the amount of $620,000. Thus, Defendants' and Third-Party Plaintiffs' Motion for Summary Judgment as to the balance of the Loan Commitment fee is granted. Plaintiff's and Third-Party Defendant's motion pertaining to the Loan Commitment Fee is denied.

---

[4] Because this Court finds that Plaintiff and Third-Party Defendant do not have standing to bring affirmative claims against Defendants, the remaining issues of breach of contract, covenant of good faith and fair dealing, fraud, unjust enrichment, and the New Jersey Consumer Fraud act are moot. Also, Plaintiff's and Third-Party Defendant's Motion for Summary Judgment seeking a trial by Jury is also moot because their underlying claims may not proceed pursuant to this Court's holding as to standing. Therefore, this Court will not address same herein.

**CONCLUSION**

For the reasons stated above, Defendants' and Third-Party Plaintiffs' Motion for Summary Judgment is GRANTED. Plaintiff's and Third-Party Defendant's Motion for Summary Judgment is denied.


**S/SUSAN D. WIGENTON, U.S.D.J.**


cc: Madeline Cox Arleo, U.S.M.J.